**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| PREMIER POOLS MANAGEMENT CORP., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> COLONY INSURANCE CO., <br><br> Defendant - Appellee. | No. 14-15902 <br><br> D.C. No. 2:13-cv-02038-JAM-EFB <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted April 13, 2016
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit Judges.

Premier Pools Management Corp. ("Premier") appeals the district court's

grant of summary judgment in favor of Colony Insurance Co. ("Colony"). We

have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse. Because the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

parties are familiar with the facts and the procedural history, we need not recount it here.

Under California insurance law, the insurer's duty to defend an insured is broader than its duty to indemnify. An insurer must defend its insured even against suits which could only potentially give rise to damages within the insured's policy. *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 795 (Cal. 1993) (in bank), *as modified on denial of reh'g* (May 13, 1993).

The district court erred in granting Colony summary judgment. The Declarations Certificates were ambiguous on their face as to which entity or entities were insured under the policies. The Declarations Certificates list "DP Aquatics Inc. dba Premier Pool Spas & Patio" as the "Client Name." But the Common Policy Declarations list the "Named Insured" as "Artisan Contractors Association of America," who neither party argues is the insured. An insurance policy is ambiguous "if it is susceptible of more than one reasonable interpretation in the context of the policy as a whole." *Am. Alternative Ins. Corp. v. Superior Court*, 37 Cal. Rptr. 3d 918, 923 (Ct. App. 2006). The policy should be interpreted as a "layman would read it and not as it might be analyzed by an attorney or an insurance expert." *E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 84 P.3d 385, 390 (Cal. 2004) (internal quotation marks omitted).

Because the Declarations Certificates were facially ambiguous, the district court should have considered extrinsic evidence. *See Montrose Chem. Corp. v. Admiral Ins. Co.*, 913 P.2d 878, 888 (Cal. 1995) (in bank).[1] When the extrinsic evidence is considered, Premier sufficiently established that it was an insured so as to trigger a duty to defend under California law. *See Ameron Int'l Corp. v. Ins. Co. of Pa.*, 242 P.3d 1020, 1024 (Cal. 2010). The gross receipts estimate used to calculate premiums included Premier Pools Management Corp.'s receipts, the insurance application lists Premier Pools Management Corp. as the entity responsible for payment, Premier Pools Management Corp. paid the premiums, and Colony defended Premier Pools Management Corp. in a previous lawsuit pursuant to the same policies at issue here. Thus, because there was potential coverage for the underlying suit, Colony had a duty to defend it.

Colony raises other coverage defenses. However, the district court confined its decision to the Declarations Certificates. We decline to consider the additional

---

[1] In addition, when determining whether an ambiguity exists under California law, a court should consider not just the face of the contract but also whether offered extrinsic evidence "is relevant to prove a meaning to which the language of the instrument is reasonably susceptible." *Dore v. Arnold Worldwide, Inc.*, 139 P.3d 56, 60 (Cal. 2006) (quoting *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 644 (Cal. 1968)). Thus, the district court should have considered the extrinsic evidence in any event.

coverage issues for the first time on appeal, leaving those issues for the district court on remand to consider in the first instance.

**REVERSED and REMANDED.**